UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDIE WILSON

v.                                                                                                  Case No.  8:15-cv-2801-T-24 TGW

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner Freddie Wilson's motion for recusal based on racial bias.  (Doc. No. 67).  As explained below, the  motion is denied.

Petitioner was convicted of six counts of theft of government property, five counts of aggravated identity theft, one count of conducting an unlawful monetary transaction, and one count of obstruction.  He was sentenced to 102 months of imprisonment.  He filed a § 2255 motion, which this Court denied on July 11, 2016.  Thereafter, Petitioner filed the instant motion for recusal.

Petitioner moves for the undersigned to recuse herself on the basis of racial bias. Specifically, he contends that while he was on trial, he observed the undersigned sentence a white man with the same amount of loss that he caused to a term of house arrest or probation, yet Petitioner was sentenced to 102 months of imprisonment.  Petitioner does not identify the crime(s) for which the white man was convicted and sentenced.  In support of his motion, Petitioner cites to the following:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

The Court has considered Petitioner's motion and concludes that it should be denied. Pursuant to 28 U.S.C. § 455, a judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned or where she has an actual personal bias or prejudice concerning a party. "The standard for recusal under § 455(a) is 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality . . . .'" In re Bush, 232 Fed. App'x 852, 854 (11th Cir. 2007)(citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. U.S., 510 U.S. 540, 555 (1994); see also Louis v. U.S., 2014 WL 5093850, at * (M.D. Fla. Oct. 10, 2014).

The undersigned does not have a racial bias, and Petitioner has not shown that the undersigned's impartiality might reasonably be questioned. Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of November, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record