UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDIE WILSON

    v.                                                             Case No: 8:15-cv-2801 T-24 TGW

UNITED STATES OF AMERICA
_____/

**ORDER**

      This cause comes before the Court on *pro se* Petitioner Freddie Wilson's petition to reopen his 28 U.S.C. § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6). (Civ. Doc. 79). Petitioner asserts extraordinary circumstances exist which should provide him relief from the final judgment against him in his § 2255 proceedings. Upon consideration, Petitioner's motion is DENIED.

      Petitioner was convicted by a jury of six counts of theft of government property, five counts of aggravated identity theft, one count of conducting an unlawful monetary transaction, and one count of obstruction and sentenced to 102 months' imprisonment. (Crim. Doc. 84). Petitioner's conviction and sentence were affirmed on appeal. (Crim. Doc. 130). Petitioner's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence was filed on December 16, 2015. (Civ. Doc. 5). In his § 2255 motion, Petitioner argued that (1) his Sixth Amendment right to a jury trial was violated because a jury did not decide his guilt on uncharged counts, (2) the Court incorrectly calculated his loss at sentencing, incorrectly applied the Sentencing Guidelines, and incorrectly reached the amount of restitution he is ordered to pay; (3) he received ineffective assistance of counsel; and (4) his Eighth Amendment rights were violated because he is innocent of the crimes charged in this case. (Civ. Doc. 5). On July 11, 2016, this Court denied Petitioner's § 2255 motion, finding that each of Petitioner's claims were either previously decided against him

1

by the Eleventh Circuit, had been procedurally defaulted, lacked merit, or were not a cognizable ground for relief in a § 2255 motion. (Civ. Doc. 52). Judgment was entered in favor of the Government on July 12, 2016. (Civ. Doc. 52.) Petitioner now moves for relief from that judgment. (Civ. Doc. 79).

To the extent that the Court can understand Petitioner's argument, it appears he takes issue with the 14 point offense level increase[1] for the amount of loss the Court applied at sentencing under United States Sentencing Guideline § 2B1.1(b)(1)(H). But Petitioner has previously raised— and the Court has rejected—this argument. This argument has likewise been rejected by the Eleventh Circuit in Petitioner's appeal. A Rule 60(b)(6) motion is not a vehicle for rearguing claims already raised in Petitioner's § 2255 motion or in other pleadings. Thus, Petitioner has failed to articulate any reason for entitlement to relief under Rule 60(b). *See Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) ("Under Rule 60(b), the prisoner must prove extraordinary circumstances justifying the reopening of a final judgment." (citation and internal quotations omitted)).

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's petition to reopen his 28 U.S.C. 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 79) is **DENIED**.

---

[1] While Petitioner references a 12 level increase in his motion, it appears he is referring to the 14 level increase imposed by the Court.

# CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of August, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner