UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDIE WILSON

   v.                                                                                Case No: 8:15-cv-2801 T-24 TGW
                                                                                                      8:13-cr-207 T-24TGW

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on the following seven motions followed by *pro se* Petitioner Freddie Wilson: 1) motion to expand the record to include Petitioner's notice of complaint that was filed with the Office of the Inspector General (Civ. Doc. 85); 2) motion for reconsideration of the Court's denial of Petitioner's request to reopen his § 2255 proceedings (Civ. Doc. 86); 3) motion to expand the record to include examples of the fraud committed by federal officers (Civ. Doc. 87); 4) motion to expand the record to include the holding and ruling in *Fuller v. Georgia State Board of Pardons and Paroles*, 851 F.2d 1307 (11th Cir. 1988) (Civ. Doc. 88); 5) motion to expand the record to include a Florida Sentinel Bulletin article (Civ. Doc. 89); 6) motion for permission to appeal *in forma pauperis* (Doc. 90); and 7) motion to expand the record to include the holding in *United States v. Stein*, 846 F.3d 1135 (11th Cir. 2017) (Civ. Doc. 91). Upon consideration, each of Petitioner's motions are DENIED.

Petitioner was convicted by a jury of six counts of theft of government property, five counts of aggravated identity theft, one count of conducting an unlawful monetary transaction, and one count of obstruction and sentenced to 102 months' imprisonment. (Crim. Doc. 84). Petitioner's conviction and sentence were affirmed on appeal. (Crim. Doc. 130). Petitioner's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence was filed on December 16, 2015. (Civ. Doc. 5). In his § 2255 motion, Petitioner argued that (1) his Sixth Amendment right to

a jury trial was violated because a jury did not decide his guilt on uncharged counts, (2) the Court incorrectly calculated his loss at sentencing, incorrectly applied the Sentencing Guidelines, and incorrectly reached the amount of restitution he is ordered to pay; (3) he received ineffective assistance of counsel; and (4) his Eighth Amendment rights were violated because he is innocent of the crimes charged in this case. (Civ. Doc. 5). On July 11, 2016, this Court denied Petitioner's § 2255 motion, finding that each of Petitioner's claims were either previously decided against him by the Eleventh Circuit, had been procedurally defaulted, lacked merit, or were not a cognizable ground for relief in a § 2255 motion. (Civ. Doc. 52). Judgment was entered in favor of the Government on July 12, 2016. (Civ. Doc. 52.).

## I. Motions to Expand the Record

The Court first addresses Petitioner's five motions to expand the record. Rule 7(a) of the *Rules Governing Section 2255 Cases in the United States District Courts* states as follows:

> **Rule 7. Expanding the Record**
>
> **(a) In General.** If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.
>
> **(b) Types of Materials.** The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.

Expanding the record is fully within the discretion of the district court and is unnecessary when the record is sufficient to determine the merits of the case. *See Prada v. United States*, No. 16-11704, 2017 WL 2210892, at *2 (11th Cir. May 19, 2017).

Petitioner first moves to expand the record to include a complaint Petitioner purportedly filed with the Office of the Inspector General. (Doc. 85). To the extent the Court can understand

Petitioner's argument, it appears he filed a complaint against Christian Daley of the IRS and AUSA Josephine Thomas alleging that the Government fabricated evidence against Petitioner in his criminal case relating to the amount of loss for which Petitioner was held accountable for at sentencing. But Petitioner is not entitled to this relief. This Court, as well as the Eleventh Circuit, have rejected Petitioner's arguments concerning the amount of loss for which he was held accountable at sentencing. Here, Petitioner simply seeks to raise this argument once again. Moreover, Petitioner has failed to attach the complaint he allegedly filed with the Office of the Inspector General. Accordingly, the Court denies Petitioner's motion to expand the record to include this complaint (Civ. Doc. 85). For the same reasons, the Court denies Petitioner's motion to expand the record to include examples of the fraud committed by federal officers (Civ. Doc. 87).

Petitioner also seeks to expand the record to include a <u>Florida Sentinel Bulletin</u> article regarding an individual who was sentenced to a six year, two and one-half month prison sentence for theft of government funds, possession of 15 or more unauthorized access devices, use of unauthorized access devices, aggravated identify theft, and false claims. (Civ. Doc. 89). Petitioner claims that this article shows sentencing disparities between that individual and Petitioner. But, as explained above, Petitioner's sentence has been affirmed by the Eleventh Circuit, and his arguments regarding his sentencing have already been raised and rejected by this Court. Accordingly, Petitioner's motion to expand the record to include the <u>Florida Sentinel Bulletin</u> article (Civ. Doc. 89) is denied.

Lastly, Petitioner files two motions to expand the record to include the holding in two different Eleventh Circuit cases. (Civ. Docs. 88 and 91). Again, Petitioner improperly argues in each of these motions that these cases support his position regarding the amount of loss for which

he was held accountable at sentencing. Moreover, it is not proper for the Court to expand the record to include case law. Accordingly, these motions to expand the record (Civ. Docs. 88 and 91) are denied.

**II.     Motion for Reconsideration**

Next, the Court addresses Petitioner's motion for reconsideration of the Court's denial of Petitioner's request to reopen his § 2255 proceedings (Civ. Doc. 86). On August 1, 2017, the Court denied Petitioner's motion to reopen his § 2255 proceedings pursuant to Rule 60(b), in which Petitioner appeared to take issue with the amount of loss the Court applied at sentencing. (Civ. Doc. 80). In that order, the Court stated that this argument has already been rejected by this Court and the Eleventh Circuit. (Civ. Doc. 80). Because a Rule 60(b) motion is not a vehicle for rearguing claims already raised in Petitioner's § 2255 motion or other pleadings, the Court denied Petitioner's motion to reopen. (Civ. Doc. 80).

Petitioner now seeks reconsideration of the Court's denial of his motion to reopen. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Baskin v. United States*, No. 10-1721, 2011 WL 4953041, at *1 (M.D. Fla. Oct. 18, 2011) (quoting *Int'l Union of Painters v. Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007)). "A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined." *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, No. 8:07CV00690-T-17MSS, 2008 WL 4372847, at *1 (M.D. Fla. Sept. 24, 2008) (citation omitted).

To the extent the Court can understand Petitioner's argument, it appears he is asserting the Government increased the amount of loss for which the Petitioner was held accountable for at sentencing by committing fraud on the Court and perjury. Again, Petitioner's argument regarding

4

the amount of loss has been addressed by this Court and the Eleventh Circuit. There has been no factual or legal change in the basis upon which Petitioner's motion to reopen his § 2255 proceedings was denied. Accordingly, Petitioner's motion for reconsideration (Civ. Doc. 86) is denied.

### III. Motion for leave to appeal *in forma pauperis*

Lastly, Petitioner seeks leave from this Court to appeal *in forma pauperis*. (Civ. Doc. 90). Petitioner has already sought this relief numerous times, and the Court has rejected it each time. (Civ. Docs. 47, 63, and 84). For the same reasons set forth in its prior orders, the Court denies Petitioner's motion for leave to appeal *in forma pauperis*. (Civ. Doc. 90).

### IV. Conclusion

Accordingly, it is hereby ORDERED AND ADJUDGED that the following motions are **DENIED**:

1) Motion to expand the record to include Petitioner's notice of complaint that was filed with the Office of the Inspector general (Civ. Doc. 85);

2) Motion for reconsideration of the Court's denial of Petitioner's request to reopen his § 2255 proceedings (Civ. Doc. 86);

3) Motion to expand the record to include examples of the fraud committed by federal officers (Civ. Doc. 87);

4) Motion to expand the record to include the holding and ruling in *Fuller v. Georgia State Board of Pardons and Paroles*, 851 F.2d 1307 (11th Cir. 1988) (Civ. Doc. 88);

5) Motion to expand the record to include a <u>Florida Sentinel Bulletin</u> article (Civ. Doc. 89);

6) Motion for permission to appeal *in forma pauperis* (Civ. Doc. 90); and

7) Motion to expand the record to include the holding in *United States v. Stein*, 846 F.3d 1135 (11th Cir. 2017) (Civ. Doc. 91).

**DONE AND ORDERED** at Tampa, Florida, this 7th day of September, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro Se* Petitioner